IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| VICTOR BAKER,<br><br>Petitioner,<br><br>vs.<br><br>ALBERT C. JONES, INDIAN PROBATE JUDGE FOR THE U.S. DEPARTMENT OF THE INTERIOR,<br><br>Respondent. | Cause No. CV-18-135-BLG-SWP-TJC<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Victor Baker filed a Motion for Leave to Proceed in Forma Pauperis (Doc. 4) and a proposed Complaint alleging constitutional violations occurred during Lorraine Marie Miller's probate proceedings. (Docs. 1 and 1-1 at 3-7.) The motion to proceed in forma pauperis will be granted, but the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## I.     Motion To Proceed In Forma Pauperis

Mr. Baker indicates that he attempted to pay the filing fee via a U.S. Postal Money Order, but the Court did not receive payment. (Doc. 3.) Although Mr. Baker has tried to locate the missing money order, to date he has not been successful. (Doc. 6.) Mr. Baker subsequently submitted a motion to proceed in forma pauperis. (Doc. 4.) It appears Mr. Baker has made a sufficient showing as

1

required by 28 U.S.C. § 1915(a).  Because Mr. Baker lacks sufficient funds to prosecute this action, the motion to proceed in forma pauperis will be granted.

**II.     Analysis**

As explained below, Mr. Baker's complaint should be dismissed for failure to state a claim.

### A. Probate Proceedings/Relief Requested

Apparently, Lorraine Miller's will bequeathed firearms to George Miller and Arden Baker.  (Doc. 1 at 6.)  Mr. Baker believes both of these individuals to be "prohibited persons" under federal law.  He alleges Miller is incompetent, and that Arden Baker is a felon who was dishonorably discharged from the military.  *Id*.; see also (Doc. 1-1 at 5-7.)  Baker claims Indian Probate Judge Albert C. Jones has violated 18 U.S.C. §§ 922(d), (g), and (n); Probate Codes §§ 4.202-4.308; and 43 CFR Subtitle A.  *Id*; see also (Doc. 1-1 at 5.)  According to Mr. Baker, because the will is illegal, Probate Judge Albert C. Jones has acted unlawfully in enforcing the will.  *Id*.; see also (Doc. 1-1 at 3.)

Mr. Baker explains he has suffered mental stress as a result of these actions.  It was apparently known that he contested Ms. Miller's will, and he now believes George Miller and/or Arden Baker may attempt to retaliate against him.  Mr. Baker's alleges his fears are increased due to the reportedly unlawful award of firearms to these individuals.  *Id*. at 7.  Mr. Baker's states his eating and sleeping

habits have been affected due to his fear. *Id*.

Mr. Baker asks this Court to: (1) prevent George Miller and Arden Baker from obtaining weapons via the unlawful will; (2) declare Lorraine Miller's will to be illegal; (3) inform and discipline Judge Jones for his unlawful acts; (4) provide compensation to him for denial of funds from Lorraine Miller's will and additional lost income in the amount of $200,000, and (5) award punitive damages to him in the amount of $200,000 for the mental stress flowing from the purported federal violations. *Id*.

**B. Screening Pursuant to 28 U.S.C. §1915(e)(2)**

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent the claims are frivolous, malicious, fail to state claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F. 3d 1122, 1126-27 (9th Cir. 2000)(stating 28 U.S.C. § 1915(e) "applies to all in forma pauperis complaints").

Baker names Indian Probate Judge Jones, acting in his official capacity, as the sole Defendant in this matter. *See*, (Doc. 1 at 4.) In certain circumstances, federal law provides for the Secretary of the Interior to conduct the probate process of the estate of an Indian person who disposes by will of allotments held under

trust. Under that process, the Secretary is required to approve the validity of a will. 25 U.S.C. § 373.

The details of the probate procedures are set forth in federal regulations promulgated under authority of several federal statues, including 25 U.S.C. § 373. The basic steps of the process (as described from the perspective of the employees working for the Secretary of the Interior) are:

> (a) We learn about a person's death (see subpart B for details);
>
> (b) We prepare a probate file that includes documents sent to the agency (see subpart C for details);
>
> (c) We refer the completed probate file to [the Office of Hearings and Appeals] for assignment to a judge or [Attorney Decision Maker] (see subpart D for details); and
>
> (d) The judge or [Attorney Decision Maker] decides how to distribute any trust or restricted land and/or trust personalty, and we make the distribution (see subpart D for details).

25 C.F.R. § 15.11.

After a probate order is issued by a judge, an individual has 30 days from the decision mailing date to file a request for rehearing. 25 C.F.R. § 15.403(b). Following a judge's decision on rehearing, one has 30 days from the mailing date to file an appeal with the Office of Hearings and Appeals. *Id.*; see also, 43 C.F.R. § 4.1. The Board of Indian Appeals issues final decisions, on behalf of the Secretary of the Interior, in appeals of decisions and orders issued by Indian probate judges in Indian probate matters. 43 C.F.R. § 4.1(b)(1)(ii).

It appears the probate proceedings at issue in the present case began in September 2015 and, according to Baker, are still ongoing.[1] (Doc. 1 at 6.) Although the materials he submitted in support of his complaint provide an incomplete picture, it appears that Baker previously challenged the ruling of Judge Jones regarding the distribution of Miller's property and requested rehearing. On February 5, 2016, Judge Jones denied Baker's request for rehearing. (Doc. 1-1 at 6.) On appeal, the Board of Indian Appeals affirmed Judge Jones' prior order. *Id.*

In his current complaint, Baker advances a claim under 42 U.S.C. § 1983. But section 1983 only provides a remedy against a person acting under the color of state law. See, *Cabrera v. Martin*, 973 F. 2d 735, 742 (9th Cir. 1992); *Ibrahim v. Dept. of Homeland Sec.*, 538 F. 3d 1250, 1257 (9th Cir. 2008). The conduct of which Baker complains was all committed by a federal agent, Judge Jones, acting in his official capacity as an Indian Probate Judge, on behalf of a federal agency – the Department of the Interior/Bureau of Indian Affairs – pursuant to federal laws and regulations discussed above. Judge Jones' actions, therefore, cannot satisfy the "under color of state law" requirement of section 1983 claim. Accordingly, Baker's claim should be dismissed.

Additionally, amendment would be futile in the event Baker attempted to

---

[1] It appears Baker recently filed a complaint of judicial misconduct against Judge Jones. *See*, (Doc. 1-1 at 1-3.)

add a cause of action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* recognized an implied cause of action for damages against federal agents who allegedly violated the Constitution. But there is "no *Bivens*-like cause of action . . . against federal agencies or federal agents sued in their official capacities." *Ibrahim*, 538 F. 3d at 1257, citing *FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994); *Nurse v. United States*, 226 F. 3d 996, 1004 (9th Cir. 2000). Again, Baker complains of acts undertaken by Judge Jones in his official capacity as Indian probate judge. Accordingly, Baker has no viable *Bivens* claim.

Leave to amend need not be given if a complaint as amended is subject to dismissal. *Moore v. Kayport Package Exp., Inc*., 885 F. 2d 531, 538 (9th Cir. 1989). Where amendment would be futile, there is no reason to prolong litigation by allowing further amendments. *Lipton v. Pathogenesis Corp*., 284 F. 3d 1027, 1039 (9th Cir. 2002); *Klamath-Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bureau*, 701 F. 2d 1276, 1293 (9th Cir. 1983). The complaint should be dismissed without leave to amend because amendment would be futile.

Based upon the foregoing, the Court issues the following:

### ORDER

1. The Motion to Proceed in Forma Pauperis (Doc. 4) is granted.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 2) to remove the word "LODGED" and the Complaint is deemed filed on August 28, 2018.

Further the Court issues the following:

## RECOMMENDATION

This matter should be DISMISSED for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(ii). The Clerk of Court should be directed to close this matter and enter judgment in favor of the Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

## NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Baker may file objections to these Findings and Recommendations within fourteen (14) days after service. 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

/ / /

/ / /

/ / /

until entry of the District Court's final judgment.

DATED 3rd day of January, 2019.

_____
Timothy J. Cavan
United States Magistrate Judge